**SO ORDERED.**

**SIGNED this 29 day of October, 2013.**

_____
A. Thomas Small
United States Bankruptcy Court Judge

_____

```
              UNITED STATES BANKRUPTCY COURT
            EASTERN DISTRICT OF NORTH CAROLINA
                   GREENVILLE DIVISION

IN RE:

TANGLEWOOD FARMS, INC. OF            CASE NO. 10-06719-8-ATS
ELIZABETH CITY,                           CHAPTER 7
     DEBTOR.
```

JAMES B. ANGELL, TRUSTEE,
     PLAINTIFF,

v.                                   ADVERSARY PROCEEDING
                                     NO. 12-00312-8-ATS

SYBIL BACCUS,
     DEFENDANT.

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**

The matters before the court in this adversary proceeding initiated by the chapter 7 trustee, James B. Angell, seeking to avoid transfers as fraudulent under 11 U.S.C. § 548, are the cross motions for summary judgment filed by the plaintiff and the defendant, Sybil Baccus.  A hearing was held on October 9, 2013, in Raleigh, North Carolina.

1

The debtor in the underlying chapter 7 proceeding, Tanglewood Farms, Inc. of Elizabeth City, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 20, 2010. The case was subsequently converted to a case under chapter 7 on July 12, 2011. The plaintiff initiated this adversary proceeding on August 20, 2012. On February 8, 2013, the defendant filed her motion for summary judgment. The plaintiff responded opposing the motion on March 1, 2013, and on September 6, 2013, filed his own motion for summary judgment.

The plaintiff seeks to recover, pursuant to § 548, transfers made for the benefit of Baccus within the two-year period prior to the petition date. The plaintiff alleges that the debtor received less than reasonably equivalent value in exchange for the transfers, that the debtor was insolvent at the time of the transfers or, in the alternative, had unreasonably small capital or assets, and that at the time of the transfers, the debtor incurred debts that were beyond its ability to pay as such debts matured. The contention that the debtor received less than reasonably equivalent value is disputed by the defendant, who argues that the transfers were payment by the debtor of an obligation, and as such, cannot be fraudulent conveyances.

The transfers at issue are payments made to Sybil Baccus from Tanglewood for the purchase of her father's grain. Baccus' father, Lem Hall, sold grain to Tanglewood Farms. Rather than immediately selling the grain to Tanglewood upon delivery, Mr. Hall would store his grain at the Tanglewood facility for sale at a later date. Periodically, when Mr. Hall needed money, he would contact Tanglewood and sell some of his stored grain to Tanglewood. The price Mr. Hall would receive was the current market price at the time the sale occurred.

Mr. Hall died in May 2011. At the time of his death, Mr. Hall had grain on storage with Tanglewood that had not yet been sold. After Mr. Hall's death, Tanglewood made payments to the defendant on the obligation Tanglewood owed to Mr. Hall, which purportedly was now owed to the defendant. These payments to the defendant are the subject of the avoidance action currently before the court.

The trustee contends that the sale price was fixed at the date of Mr. Hall's death and that in accordance with that price, the defendant was overpaid and the debtor received less than reasonably equivalent value in exchange for the payments. To support this factual contention, the trustee relies on a delivery sheet which reflects a price of $1.90 per bushel of corn. Additionally, the trustee disputes that the obligation

was owed to the defendant as no documentation has been provided showing that she was entitled to receive payments upon her father's death.

The defendant disputes the trustee's contention that the sale price on the grain was fixed at the market price at the time of Mr. Hall's death.  Rather, the defendant believes that the sale agreement continued as it had prior to Mr. Hall's death, with the sale price being the current market price at the time of the sale.  The defendant points to deposition testimony to support this interpretation of the sales agreement.  According to the defendant, the debtor did not receive less than reasonably equivalent value and the payment of a debt owed cannot be a fraudulent conveyance.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056.  The initial burden is on the movant to demonstrate the absence of a genuine issue of material fact.  <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991).  If the movant meets this initial burden, the inquiry shifts to the non-moving party to produce facts sufficient to create a triable issue of fact.  <u>Id.</u> at 718-19.

The court finds there to be a genuine issue of material fact. The terms of the agreement subsequent to Mr. Hall's death are not clear based on the record before the court at this time. The terms of the agreement are material to the question of whether the plaintiff can avoid the transfers. Accordingly, both parties' motions for summary judgment are **DENIED**.

**END OF DOCUMENT**